UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                            Criminal No. 09-cr-39-01-SM

<u>Salvador Williams</u>


<u>ORDER</u>

Re: Document No. 50, Motion to Suppress Evidence

    Ruling: Denied. Having reviewed defendant's pro se motion to suppress evidence, it appears that defendant claims, essentially, that evidence seized by state police pursuant to a state-issued warrant should be suppressed in this court because the time for executing the warrant and/or filing a return expired before this federal prosecution was initiated, and before the seized evidence was transferred from state authorities to federal authorities. Of course, the controlling legal question is whether evidence the government proposes to introduce at trial was seized in violation of defendant's constitutional rights. Nothing in the motion suggests that it was. It matters not whether the state seized the evidence and handed it to federal authorities, or vice-versa. In <u>Elkins v. United States</u>, 364 U.S. 206, 223-224 (1960), the Supreme Court abandoned the so-called "silver-platter doctrine" and held that in determining whether there had been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry into the lawfulness of the search and seizure. If lawful under federal constitutional standards, seized evidence is admissible, if not lawful, the seized evidence is inadmissable. No legal issue arises from the transfer of evidence from one sovereign to another, so long as the seizing authority did so in accordance with the constitution.

    Defendant also seems to claim that some evidence the government intends to introduce is not the evidence actually seized (i.e. different serial numbered laptop computer and components). While that may or may not be so, defendant can, if appropriate, object to evidence offered at trial on grounds that it is not


relevant (i.e. was not associated with him), or that it is not that which was properly seized.

Finally, defendant seems to seek suppression of statements taken from him in violation of his <u>Miranda</u> rights, claiming that police were obliged to read him the <u>Miranda</u> warnings before arresting him (which is not so) and before taking a statement from him (which is so, assuming he was in custody), but, he does not identify any statements he made while in custody and before being properly warned – to the contrary he says he told the officer at his arrest that he did not have anything to say.  While lengthy and sincere, the motion is without legal merit, as counsel has no doubt advised defendant.

_____
Steven J. McAuliffe
Chief Judge

Date: July 29, 2009

cc: Counsel of Record